UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DANDRICK LEGARDYE,

       Defendant.

_____ /

Case No. 24-cr-20333

F. Kay Behm
United States District Judge

## <u>ORDER ON MOTIONS TO SEAL (ECF Nos. 67, 69)</u>

The government has filed an unopposed motion to file the unredacted affidavit and search warrant under seal.  (ECF No. 67).  In support of his motion to suppress, Defendant has already filed a redacted copy, redacting Defendant's personally identifying information of his address and an image of himself and his residence.  (ECF No. 65, Ex. A).  The government seeks an order allowing it to file under seal the unredacted version of the warrant and affidavit in order to protect Defendant's personally identifying information. (ECF No. 67).  Additionally, Defendant filed an unopposed motion to seal Exhibit B to his motion to suppress, which is an affidavit of Rika Doby.  (ECF Nos. 69).  The only thing sought to be protected is an address that law

1

enforcement has alleged is tied to Defendant.  *Id*.  Counsel for Defendant indicates that he will also file a redacted version on the docket.  *Id*.

Eastern District of Michigan Local Rule 5.3 governs material filed under seal.  "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  A request for a seal must be "narrowly tailored ... in accord with applicable law."  E.D. Mich. LR 5.3(b)(2).  The court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i).  Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).  The court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

Both motions seek only narrow protections for personally identifying information of Defendant.  Sixth Circuit precedent supports such a sealing so

long as the redactions are narrowly tailored to seal only the personally identifying information.  *In re Flint Water Cases,* 2021 WL 4070840, at *2 (E.D. Mich. Apr. 6, 2021) (citing *Brown & Williamston Tobacco Corp.*, 710 F.2d at 1179 (acknowledging "privacy rights" as a basis for an exception to the presumption of access to court proceedings).  Here, the parties seek only to redact (or have already redacted) the personally identifying information of Defendant, including the home address of Defendant, an address alleged to be associated with Defendant, along with a picture of himself and his residence.  There is no compelling public interest in this information because Defendant's personally identifying information has no bearing on the case against him and the public will be able to fully understand the proceedings against Defendant generally as well as the specific dispute before the court on the motion to suppress without having access to the personally identifying information at issue.  The court finds that the privacy interests of Defendant outweigh the public's interest in his personally identifying information. Finally, the court finds that the redactions of the search warrant and affidavit and proposed redactions of Exhibit B are narrowly tailored to cover only the sensitive personally identifying information.  Thus, the third *Shane Group* factor (that the seal itself is no broader than necessary) is satisfied.

3

For these reasons, the motions to seal are **GRANTED**.  Defendant's

counsel is directed to file a copy of Exhibit B (ECF No. 68) on the docket in this

matter with the appropriate redactions.

**SO ORDERED**.

Date: March 30, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

4